◼ In the Matter of INJAH TAFARI, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [18 NYS3d 892]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 8, 2015 in Ulster County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's motion for reconsideration.

When this case was initially before this Court, we affirmed the judgment dismissing the petition that sought to annul a tier III disciplinary determination finding petitioner guilty of violating several prison disciplinary rules (38 AD3d 1031 [2007]). Thereafter, this Court affirmed the judgment that denied petitioner's motion for reconsideration based upon the existence of alleged newly discovered evidence regarding a visitors log that supported his assertions that he was denied adequate employee assistance in connection with his disciplinary hearing and his waiver of the right to call witnesses during the hearing was not voluntary (58 AD3d 1094 [2009], *lv dismissed* 12 NY3d 812 [2009]). Petitioner, again, moved for reconsideration based upon alleged newly discovered evidence of an eyewitness to the disciplinary incident. Supreme Court denied the motion and this appeal ensued.

Initially, we note that, because the motion is based solely on newly discovered evidence, it is a motion for renewal and not, as characterized by Supreme Court, a motion for reargument (*see* CPLR 2221 [d], [e]). Assuming that the alleged eyewitness affidavit is new evidence, that evidence would not have led to a different outcome (*see* 58 AD3d at 1095). As such, denial of the motion was appropriate.

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.